IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00208-GPG

TIFFANY GRAYS,

    Plaintiff,

v.

KITTREDGE CO PARTNERS, LLC,
CORTLAND MANAGEMENT, LLC
UNKNOWN KITTREDGE CO PARTNERS, LLC, Co-Conspirators,
UNKNOWN CORTLAND MANAGEMENT, LLC, Co-Conspirators,
ASHLEY BUSSARD,
KAYLA HEDEMARK,
REALPAGE, INC.,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Tiffany Grays, initiated this action on January 24, 2020 by filing, *pro se*, a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). Plaintiff has been granted leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 4).

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Complaint and has determined it is deficient. For the reasons discussed below, Plaintiff will be directed to file an amended complaint.

1

**I.   The Complaint**

Plaintiff asserts federal question jurisdiction and brings claims under 42 U.S.C. § 1983; 42 U.S.C. § 1985(3); the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b; the Fair Housing Act ("FHA"), 42 U.S.C. § 3613; and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691.  (*See* ECF No. 1 at 3, 7).

This case arises from the denial of Plaintiff's rental application for housing in July 2018.  Plaintiff alleges that Defendants discriminated against her on the basis of her race.  She further states that Defendants also wrongfully "reused/re-obtained" her consumer report in January 2019 in connection with the investigation by the Colorado Civil Rights Division in response to Plaintiff's charge of housing discrimination.  Plaintiff asserts the following claims: (1) Fair Credit Reporting Act Violations; (2) Fourth Amendment Violations; (3) Fourteenth Amendment Violations; (4) 42 U.S.C. § 1985(3) Conspiracy Violations; (5) Intrusion upon Seclusion; (6) Breach of Fiduciary Duty; (7) Breach of Contract; (8) Violations of Colorado Uniform Commercial Code, Colo. Rev. Stat. § 4-1-301; (9) Negligence and Outrageous Conduct; (10) Violations of Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101; (11) Violations of Consumer Credit Code, Colo. Rev. Stat. § 5-1-101; (12) Breach of Confidentiality; (13) Discrimination and Retaliation in Rental Housing; (14) Discrimination and Retaliation in Equal Credit Opportunity Act; and (15) Respondeat Superior.  As relief, she requests declaratory and injunctive relief as well as damages.

**II.     Analysis**

   **A**.     **Rule 8**

The Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass' n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff' d*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court' s jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.  *See New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957) (recognizing that the claims must be presented clearly and concisely in a manageable format that allows the Court and defendants to know what claims are being asserted and to be able to respond to those claims).

**B.     The Fair Credit Reporting Act**

Congress established the FCRA in 1970 to ensure "fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. V. Burr,* 551 U.S. 47, 52 (2007).  A credit agency may furnish a consumer's credit report to a third party upon written instruction by the consumer to whom it relates.  15 U.S.C. § 1681b(a)(2).  A person or entity may obtain an individual's credit report for a legitimate business need under 15 U.S.C. § 1681b(a)(3)(F)(i).  A person or entity that obtains a consumer's credit report for an improper purpose may be found civilly liable to that consumer.  15 U.S.C. § 1681b(f).

To establish a violation of the FCRA for obtaining a credit report without a proper purpose, a plaintiff must prove that (1) there was a consumer report; (2) defendant used or obtained it; (3) defendant did so without a permissible statutory purpose; and (4) defendant was negligent (or willful) in doing so.  *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco,* 551 U.S. 47.

The other FCRA provisions cited by Plaintiff in the Complaint do not apply because Defendants do not qualify as a "consumer reporting agency" and there was no "investigative consumer report" as defined by the FCRA.

**C.     The Equal Credit Opportunity Act**

The ECOA was enacted in 1974 to prohibit discrimination in credit transactions and prohibits a "creditor" from discriminating against an "applicant, with respect to any aspect of a credit transaction—(1) on the basis of race, color, religion, national origin, sex or marital status, or age . . ."  15 U.S.C. § 1691(a).  The ECOA defines an

"applicant" as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to the creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b). The ECOA defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." 15 U.S.C. § 1691a(d).

Here, Plaintiff's allegations relate to her residential lease application. She does not provide any facts demonstrating a "credit transaction" within the meaning of the ECOA and Defendants' actions at issue are not subject to the ECOA's prohibition against discrimination.

### D.     The Fair Housing Act

The FHA prohibits discrimination in housing and makes it unlawful "[t]o refuse to sell or rent ... or otherwise make unavailable or deny, a dwelling to any person because of race, color, ... or national origin." 42 U.S.C. § 3604(a). Discrimination may occur either by disparate treatment or disparate impact. *Bangerter v. Orem City Corp.,* 46 F.3d 1491, 1501 (10th Cir. 1995). To establish a prima facie case of disparate impact discrimination, Plaintiff must show that a specific policy caused a significant disparate effect on a protected group. *See Mountain Side Mobile Estates Partnership v. Sec. of Housing and Urban Dev.,* 56 F.3d 1243, 1251 (10th Cir. 1995). Disparate impact is generally "shown by statistical evidence . . . involve[ing] the appropriate comparables" necessary to create a reasonable inference that any disparate effect identified was caused by the challenged policy and not other causal factors. *Id.* at 1253.

### E.     Constitutional Claims

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Thus, the only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). To satisfy the under-color-of-state-law element, Plaintiff must show that she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, the named Defendants are private entities and individuals, and Plaintiff fails to allege facts that demonstrate conduct fairly attributable to the State. Thus, the constitutional claims asserted in the Complaint are improper.

Further, 42 U.S.C. § 1985(3) only covers private conspiracies aimed at interfering with rights that are protected against private, as well as official, encroachment. *See Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993) (recognizing that the Supreme Court has recognized only two rights as protected against private conspiracies under §

1985(3): the right to be free from involuntary servitude and the right to interstate travel, both under the Thirteenth Amendment).

### III.  Amended Complaint

Plaintiff will be given an opportunity to cure the pleading deficiencies in the Complaint by filing an amended pleading in compliance with this Order.  In the amended complaint, Plaintiff must clearly and **concisely** set forth her factual allegations and claims for relief and the appropriate statutory authority that allows the Court to consider those claims as asserted against the named defendants.  Further, pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Thus, Plaintiff must use the current Court-approved form Complaint when preparing her amended pleading.

Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this order**, an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 and the directives in this Order and does not exceed 30 pages.  It is

FURTHER ORDERED that Plaintiff shall obtain and use the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails within the time allowed to file an Amended Complaint on the Court-approved form that complies with this order, this action may be dismissed, in part or in full, without further notice.

DATED February 13, 2020.

BY THE COURT:

_____

Gordon P. Gallagher

United States Magistrate Judge