UNITED STATES DISTRICT COURT
for the
District of Colorado

Case No. **20-CV-00208-WJM-SKC**

Tiffany Grays, *pro se*
*Plaintiff(s)*        )
                      )
- V -                 )
                      )
Kittredge Co Partners, LLC;        )
Cortland Management, LLC; Unknown
Kittredge Co Partners, LLC Co-Conspirators;   )
Unknown Cortland Management, LLC Co-
Conspirators; Ashley Bussard; Kayla   )
Hedemark; RealPage, Inc.
*Defendant(s)*        )

# PLAINTIFF'S RESPONSE IN OPPOSITION OF REALPAGE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Pro se Plaintiff Tiffany Grays hereby files this Response in opposition of RealPage Defendant's Motion to Dismiss, as the evidence substantiates the disparate treatment and impact of Cortland Defendants' residential practices and procedures through RealPage's products and services; as well as, the "bare bones assertion[s]," in the Motion to Dismiss are insufficient to survive the heightened pleading standard. No. 2:11-CV-12-PRC, 2011 WL 5553697 (N.D. Ind. Nov. 15, 2011 at *1). As such, Plaintiff generally denies all assertions made and specifically denies them as follows:

# BACKGROUND

On July 24, 2018, Plaintiff applied for housing at Lakecrest at Gateway Park, a residential property which uses the products and services of Defendant RealPage Inc. ("RealPage") **(Amended Complaint ("A.Compl.") at 18).** Plaintiff authorized the use and procurement of her consumer credit report to determine her eligibility to rent an apartment at Lakecrest only **(A.Compl. at 133),** and under false pretenses. Under the Fair Credit Reporting Act ("FCRA"), RealPage is considered a Reseller, User, Consumer Reporting Agency, and National Consumer Reporting Agency **(A.Compl. at 12 and 89);** each carrying different and separate requirements. Plaintiff would never have applied for housing at Lakecrest had she known "more than one misdemeanor" would likely result in her application being denied **(A.Compl. at 138)**. Lakecrest denied Plaintiff's application for housing on July 25, 2018, for having "more than one misdemeanor" **(A.Compl. at 33),** causing Plaintiff to file a charge of discrimination with the Colorado Civil Rights Division, on October 25, 2018, FH2019016465. **(A.Compl. at 7).**

After receiving the denial, Plaintiff requested and received a copy of the consumer credit report used to make the decision **(ECF No. 41-1: PLF-000019).** The report used to make the housing denial decision contained only three lines in the criminal history and was six pages in total. *Id.* **PLF-19.** Then five months after the denial and only in response to Plaintiff's charge of discrimination **(A.Compl. at 110),** on January 17, 2019, **(ECF No. 41-1: PLF-000039-46),** RealPage permitted Lakecrest to reuse or reobtain Plaintiff's consumer credit report for reasons not authorized by Plaintiff[1] **(A.Compl. at 112-118).**

---

[1] this fact is proven on PLF-00039, as the date and time of the document state "1/17/2019 3:46:12 PM" while the run date states "7/24/2018".

2

This secondary investigative consumer report obtained for impermissible purposes contains thirty lines in the criminal history, is eight pages in total, *Id.* **PLF-39-46,** and was broadcasted to world as it is now a part of public record. **(ECF No. 41).** Thus Plaintiff properly contends Defendants have conspired to deprive Plaintiff of protections against unlawful search under the Fourth Amendment of the Constitution of the United States of America, violations of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States of America, in violation of 42 U.S.C. § 1985(3), through violations of 15 U.S.C. § 1681b and multiple state law claims.

## **STANDARD OF REVIEW**

"Because the plaintiff in this case is proceeding pro se, we construe his pleadings liberally and will dismiss his complaint only if it is obvious that he cannot prevail on what he alleges and amendment would be futile." *Johnson v. Johnson*, 466 F.3d 1213, 1214-15 (10th Cir. 2006). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013). But ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice, see *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

A court may dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle the plaintiff to relief. *DiMezza v. First USA Bank, Inc.*, 103 F.Supp.2d 1296,1298 (D.N.M. 2000), citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); and *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). When considering a Rule 12(b)(6) motion, the Court assumes as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. DeMezza, 103 F.

Supp.2d at 1298, citing, *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying and affirming Twombly). "[On a Motion to Dismiss] the court must accept all Plaintiffs' allegations in the complaint as true." *Twombly*, 550 U.S. at 589. "The complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). "The issue in resolving a motion such as this is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

As is the case in this instant case, the 10th Circuit has concluded that "the plausibility standard has been criticized by some as placing an improper burden on plaintiffs," where the chief criticism "is that plaintiffs will need discovery before they can satisfy plausibility requirements when there is asymmetry of information, with the defendants having all the evidence." *Gee v. Pacheco* 627 F.3d 1178, 1185 (10th Cir. 2010). In "determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1950 (2009).

A motion to dismiss for failure to state a claim should not be granted unless it appears "beyond doubt the plaintiff can demonstrate no set of facts that supports his claim entitling him to relief." See *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

      The purposes of the notice pleading requirements of Rule 8(a) are "to give the defendant fair notice of the claims against him" to enable him to adequately respond to the allegations without requiring the plaintiff to have every legal theory or fact developed in detail before the

complaint is filed and the parties have opportunity for discovery. *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991).

"[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Turner v. McGee*, 681 F.3d 1215, 1217 n.2 (10th Cir. 2012) (internal quotation marks and citation omitted). "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), abrogated on other grounds by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

# ARGUMENT

As noted in the many claims of ignorance contradicted by subsequent intelligent arguments, RealPage seeks to thwart justice so owed to Plaintiff, through the filing of a meritless motion to dismiss. Throughout RealPage's Motion to Dismiss (ECF No. 37) ("Motion"), RealPage asserts to have lost and/or never had knowledge of simple terms: 're-used and/or reobtained'; asserts specific dates and other factual[2] statements made in the Complaints are "vague;" and thus concludes the Court should dismiss Plaintiff's claims as a result.

---

[2] While Plaintiff references exhibits not in the Complaints, these documents do not convert this motion into one for summary judgment, as the documents are matters of which the Court can take judicial notice, as the Civil Rights investigation in which the documents were filed, has a direct relation to Plaintiff's FCRA, Intrusion, Negligence, and Breach claims and, therefore, the Court takes judicial notice of the documents filed in that proceeding. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. at 322. See also *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). Plaintiff being a pro se party who was admonished[3] from attaching exhibits, Plaintiff cannot then be justly penalized for following the instructions which she was expressly told to use, through a determination on a motion to dismiss; finding Plaintiff failed to nudge her claims over the plausibility threshold as exhibits were not attached. To the extent the Court believes amending the Complaint would nudge Plaintiff's claims over the plausibility threshold, Plaintiff would ask for Leave to do so.

[3] The Pro se instructions advises it users, whom are only pro se parties as is Plaintiff, not to attach exhibits.
(http://www.cod.uscourts.gov/Portals/0/Documents/Forms/CivilForms/Filing_a_Civil_Suit_Package.pdf   p.20.

Any alleged failure to define a term which is used and has common knowledge, does not result in a failure to state a claim, and only substantiates RealPage's mendacity. Furthermore, RealPage's Motion is void of any specific references or case law which identifies the alleged elements RealPage claims were not stated properly in the Amended Complaint, resulting in the Motion being frivolous and Plaintiff not addressing the elements herein. The Court begins by evaluating the elements of the pleaded cause of action, in order to determine whether the complaint states sufficient factual allegations to implicate a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 674 (2009). As Defendants failed to establish the elements by which the Court must evaluate, the Plaintiff and the Court must not assume the elements required to be proven and therefore must accept all elements were well plead, as none were contested.

Therefore, Plaintiff will only address the specific assertions made and alleges all claims were properly and plausibly stated.

### Plaintiff has Properly Pled and Factually Alleged FCRA Violations

### § 1681b and § 1681c

Plaintiff states RealPage did not have permission to access her report a second time in January 2019 **(A.Comp. at 112)**. Plaintiff further provides additional explanation and information on how this use/re-use was a violation of 1681b **(A.Comp. at 113-118, 132-133)**. RealPage admits Defendants' authorization to obtain or use Plaintiff's consumer credit report, was limited to be "in conjunction with her application." **(ECF No. 37 at p.4),** and that any additional consumer reports were limited to "matters relating to a lease by the above owner." *Id*. p.4. RealPage fails to articulate the permissible reason for the unlawful second pull alleged in the

6

Complaints, **(A.Comp. at 95-98, 101, 110-121),** as Plaintiff never signed a lease and only applied for housing, which had already been denied five months prior to the second pull in January 2019.

Plaintiff in the Complaints, correctly states RealPage violated the FCRA, by obtaining and/or reusing the Plaintiff's consumer credit report for matters outside of determining Plaintiff's residential capabilities through the application; as well as explained the FCRA violation as the criminal history in the second pull in January 2019 spans the Plaintiff's life **(A.Comp. at 97, 101(h)).** Meanwhile, the FCRA limits results to the seven years antedate the application date, which would have concerned matters up to the year 2011, not matters covering the Plaintiff's 37 years of life. Plaintiff has demonstrated Defendants' permissible purpose to obtain and use Plaintiff's consumer credit report, was exceeded through properly alleging Defendants gathering and using Plaintiff's criminal history spanning Plaintiff's life *Id*. **101(h)**; all in violation of § 1681b and § 1681c. Plaintiff's factual statements that the report obtained and/or reused in January 2019 which contains information spanning Plaintiff's life, have nudged plaintiff's claims from conceivable to plausible. A report obtained and/or used five months after the rental application under which the report was obtained is denied, has no conceivable purpose.

**§ 1681d**

"Section 1681d requires the procurer of an investigative consumer report to disclose to the consumer that a report on him may be made." *Belshaw v. Credit Bureau of Prescott,* 392 F. Supp. 1356, 1361 (D. Ariz. 1975). The FCRA states an investigative report is one that includes information as to Plaintiff's character, general reputation, personal characteristics and mode of

7

living. See § 1681d(a)(1). Plaintiff contends the secondary report pulled and/or used in January 2019, was investigative as defined by the FCRA **(A.Comp. at 96-98, 101(b)),** and Plaintiff was not notified an investigative report would include criminal history nevertheless criminal history spanning Plaintiff's life. Therefore, Plaintiff properly pled the violation of the FCRA § 1681d, as neither RealPage or Lakecrest provided Plaintiff a statement informing her of her rights nor notifying her of the criteria upon which the report would be based.

### § 1681g

As Plaintiff contends the report was investigative and neither Defendant made the necessary disclosures as required, Defendants would have also violated § 1681g. Plaintiff sufficiently alleges she requested and received a copy of her consumer credit report **(A.Comp. at 107),** and the report received failed to have the appropriate disclosures **(A.Comp. at 101(d));** substantiating the Court allowing these claims to proceed.

### FCRA Fails to Preempt Plaintiff's Claims

One Court looked beyond the fact that the breach of contract claim is styled as a state-law claim. Specifically, the Court should look at FCRA's preemption provision, which only relates to a "requirement or prohibition . . . imposed under the laws of any state… with respect to any subject matter regulated under… (15 U.S.C. § 1681s-2), relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Making this preemption for furnishers only; claims not alleged within Plaintiff's Complaints.

Other Courts have ruled that duties created by contracts—even when a plaintiff seeks to enforce them through a state-law claim—are not "imposed under the laws of any state." *Long v. Bank of America, N.A.,* No. 17-CV-2756, 2018 U.S. Dist. LEXIS 190124 (N.D. Ill. Nov. 7, 2018). Substantiating that while a state legislature cannot create duties that go beyond FCRA, a person can voluntarily agree to duties that go beyond FCRA. Thereby this Court can hold the FCRA preemption does not apply and the state law claims survive RealPage's motion to dismiss.

Plaintiff alleges the conduct of RealPage was willful and wanton **(A.Compl. at 206)**, an expressed exemption of § 1681h; allowing the state claims to continue. *Pinson v. Equifax Credit Information Services, LLC*, No. 06-CV-0162-CVE-SAJ, at *11 (N.D. Okla. Jan. 24, 2007). Furthermore, Plaintiff states RealPage is not only a Consumer Reporting Agency, but also a reseller **(A.Compl. at 12)** and a National Consumer Reporting Agency **(A.Compl. at 89)**, which are not expressly excluded under § 1681h(e); allowing the negligence claims to continue.

Lastly, in regards to Plaintiff's claims under the Uniform Commercial Code ("UCC") and the Colorado Consumer Protection Act ("CCPA"), Plaintiff has alleged facts substantiating violations of the obligation of good-faith **(A.Compl. at 220)** which are also deceptive **(A.Compl. at 222-235)**; plausibly stating claims for relief.

### Breach of Fiduciary Duty and Confidentiality Sufficiently Pled

Plaintiff has properly stated this Court has jurisdiction and this venue is proper for the state claims alleged in the Complaints. Colorado Courts have held that the breach of a duty not to disclose confidential information gives rise to an action in tort." *Rubenstein v. S. Denver Nat'l*

9

*Bank*, 762 P.2d 755 (Colo.App. 1988). Also recognizing a fiduciary duty can arise out of a confidential relationship. See CJI-Civ 26:3.

Under Colorado law, to demonstrate a breach of Fiduciary Duty, the Plaintiff must allege:

1) The defendant was acting as a fiduciary of the plaintiff **(A.Compl. at 18-23)**;
2) The defendant breached a fiduciary duty to the plaintiff **(A.Compl. at 196)**;
3) The plaintiff suffered damages as a result of the breach **(A.Compl. at 197)**; and
4) The defendant's breach of fiduciary duty caused the plaintiff's damages **(A.Compl. at 197)**.

*SGS Acquisition Co. Ltd. v. Linsley*, 2018 WL 4698614, at *6 (D. Colo. Sept. 30, 2018).

Under Colorado law, Plaintiff can demonstrate a duty owed to Plaintiff through the confidential relationship by proving:

1) The plaintiff had a confidential relationship with the defendant **(A.Compl. at 18-22)**;
2) The plaintiff justifiably placed trust and confidence in the defendant **(A.Compl. at 23)**;
3) The defendant assumed a duty to represent the plaintiff's interest in the subject of the transaction **(A.Compl. at 195)**;
4) The duty that arose by reason of the confidential relationship between the plaintiff and the defendant applied to the use of and information contained within Plaintiff's consumer credit report **(A.Compl. at 196)**, and;
5) The defendant violated that duty, causing damage to the plaintiff **(A.Compl. at 197).**

A "confidential relationship" arises when one party justifiably reposes confidence in another; thus, it may arise from a multitude of circumstances. *Page v. Clark,* 197 Colo. 306, 592 P.2d 792

(1979). A "fiduciary duty" may arise from a business or confidential relationship which impels or induces one party to relax the care and vigilance one would and should ordinarily exercise in dealing with a stranger. *Dolton v. Capitol Federal Savings*, 642 P.2d 21 (Colo.App.1981). A claim for breach of a fiduciary duty thus arises when two parties already have a confidential relationship and a fiduciary duty to keep information confidential is breached. See *McFarlan v. District Court,* 718 P.2d 247 (Colo.1986). Based on the foregoing, Plaintiff has pled facts and not simply restating the elements in accordance with the plausibility standard set. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); allowing these claims to continue.

### Causation, Damages, Willfulness, and Outrageous Conduct Sufficiently Pled

A Plaintiff need not prove causation nor damages at the pleading stage of case. See *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *Adenowo v. Denver Pub. Sch.*, No. 14-CV-02723-RM-MEH, 2015 WL 4511924, at *4 (D. Colo. June 17, 2015). RealPage's attempt to persuade this Court citing case law concerning causation being proved at trial in *Vititoe v. Rocky Mountain Pavement Maint., Inc.,* 412 P.3d 767 (Colo. App. 2015) should fail on its face, as this case is not at the trial stage. "Issues of negligence and causation in fact are questions of fact to be determined by the jury." *Morales v. Golston*, 141 P.3d 901, 906 (Colo.App.2005). *Vititoe* 412 P.3d 777.

A 'willful' violation is either an intentional violation or a violation committed by an agency in reckless disregard of its duties under the FCRA. *Birmingham v. Experian Info. Solutions, Inc.,* 633 F.3d 1006, 1009 (10th Cir. 2011) (citing *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-58 (2007)).

11

Plaintiff has established standing: injury-in-fact, causation, and redressability. See *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009). While RealPage does not contest the injury-in-fact or redressability, it does question the causation. Plaintiff has sufficiently pled the willful causation and injuries suffered as a direct result of Defendants' conduct; outrageous and not **(A.Compl. at 215-216);** sufficiently meeting the causation requirement.

**WHEREFORE** by and through the foregoing, taking Plaintiff's allegations as true, as the Amended Complaint complies with the minimal requirements of Fed.R.Civ.P. 8(a), it would be premature for the Court to dismiss Plaintiff's claims under Fed.R.Civ.P. 12(b)(6). At this stage, Plaintiff has demonstrated facts contrary to dismissal, allowing the Court to permt Plaintiff's claims to proceed.

Respectfully Submitted,

   /s/ Tiffany Grays, pro se

Tiffany Grays
PO Box 472322
Aurora, CO  80047
(720) 623-1883
Legalgrays@gmail.com

# UNITED STATES DISTRICT COURT
for the
District of Colorado

Tiffany Grays, *pro se*　　　　　　　　　　　　　　　　**20-CV-00208-WJM-SKC**

v.

Kittredge Co Partners, LLC, et al

# CERTIFICATE OF SERVICE

In accordance with Federal and Local Rules, I hereby certify that on the 8th day, of August 2020, I have filed the foregoing with the Clerk using the CM/ECF system, which will send a true copy thereof to the following recipients, via the CM/ECF system.

DOCUMENT: **PLAINTIFF'S RESPONSE IN OPPOSITION OF REALPAGE'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

| | |
|---|---|
| Kittredge Co Partners, LLC; | RealPage, Inc. |
| Cortland Management, LLC; | kmarker@qslwm.com |
| Unknown Kittredge Co Partners, LLC Co-Conspirators; | |
| Unknown Cortland Management, LLC Co-Conspirators; | |
| Ashley Bussard; | |
| Kayla Hedemark; | |
| alice.powers@lewisbrisbois.com | |

　　　　　　　　　　　　　　　　　　　　　　　/s/ Tiffany Grays, pro se

　　　　　　　　　　　　　　　　　　　　　　　Tiffany Grays, *pro se*
　　　　　　　　　　　　　　　　　　　　　　　PO Box 472322
　　　　　　　　　　　　　　　　　　　　　　　Aurora CO, 80047
　　　　　　　　　　　　　　　　　　　　　　　(720) 623-1883
　　　　　　　　　　　　　　　　　　　　　　　LegalGrays@gmail.com

13