**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0208-WJM-SKC

TIFFANY GRAYS,

    Plaintiff,

v.

KITTREDGE CO. PARTNERS, LLC;
CORTLAND MANAGEMENT, LLC;
ASHLEY BUSSARD;
KAYLA HEDEMARK; AND
REALPAGE INC.,

    Defendants.

---

**ORDER ADOPTING FEBRUARY 17, 2021 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the February 17, 2021 Report and Recommendation of United States Magistrate Judge S. Kato Crews (the "Recommendation") (ECF No. 52) that the Court grant Defendants' two Motions to Dismiss (ECF Nos. 37 & 39) Plaintiff Tiffany Grays's Amended Complaint (ECF No. 6). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Grays filed an Objection to the Recommendation on March 3, 2021 (ECF No. 53). For the following reasons, Grays's Objection is overruled and the Recommendation is adopted in its entirety.

**I. BACKGROUND AND PROCEDURAL HISTORY**

The following facts are taken from Grays's Amended Complaint, which the Court assumes are true for the purpose of resolving the Motion to Dismiss. *See Ridge at Red*

*Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

This action arises out of the allegedly discriminatory denial of Grays's application to lease a housing unit at Lakecrest at Gateway Park, a multi-family housing community in Denver, Colorado. (ECF No. 6-1 ¶ 7.) Kittredge Co. and Cortland Management own and manage the property, Ashley Bussard was the community manager when Grays applied, and Kayla Hedemark was a leasing consultant (collectively, "Cortland Defendants"). (*Id.* ¶¶ 8–11.)

Grays alleges that she visited the property, and Bussard assisted her in completing and submitting a rental application. (*Id.* ¶ 18.) Cortland Defendants then ran a background screening and credit check, as specified in the rental application, to verify Grays's eligibility as a tenant. (*Id.* ¶¶ 18–19.) Cortland Defendants relied on RealPage, Inc. ("RealPage"), a credit reporting company, to obtain Grays's credit report. (*Id.* ¶¶ 18–22.)

After conducting the background and credit screenings, Cortland Defendants determined that Plaintiff was ineligible to rent a unit because of her criminal history, which included several misdemeanor convictions. (*Id.* ¶¶ 10–11.) Pursuant to their policy of denying applicants with more than one misdemeanor conviction ("misdemeanor policy"), Cortland Defendants denied Grays's rental application. (*Id.* ¶ 33.) Bussard made the decision to deny the application, and Hedemark informed Grays of the denial decision. (*Id.* ¶¶ 10–11.)

Grays asserts that the denial was due to her race and color, given her contention that restrictions on renting due to criminal history disparately impact individuals of color. (*Id.* ¶¶ 52–69.) She further asserts that Defendant RealPage improperly provided a

credit and criminal history report to Cortland Defendants. (*Id.* ¶¶ 86–125.) Grays brings claims pursuant to (1) the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA"), (2) 42 U.S.C. § 1981, (3) 42 U.S.C. § 1982, and (4) the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). (*Id.* ¶¶ 52–125.) Grays also brings 14 state law tort claims. (*Id.* ¶¶ 126–257.)

RealPage filed its Motion to Dismiss on August 17, 2020. (ECF No. 37.) Cortland Defendants filed their Motion to Dismiss on August 27, 2020. (ECF No. 39.) The Motions to Dismiss are fully briefed. (ECF Nos. 45, 46, 47 & 50.)

On February 17, 2021, Judge Crews issued his Recommendation that the Motions to Dismiss be granted and that the Amended Complaint be dismissed in its entirety. (ECF No. 52.) He found that Grays failed to state an FHA claim for housing discrimination against Cortland Defendants because she alleged no facts plausibly suggesting a pattern or practice of discrimination or a disparate impact beyond her individual experience. (*Id.* at 5–8.) Judge Crews similarly found that Grays failed to state a claim for discrimination under § 1981 and § 1982 because she failed to allege intent or causation. (*Id.* at 9–11.) He further found that Grays failed to state a claim under the FCRA because she did not allege that Defendants obtained her credit report for an improper purpose, nor that they possessed the requisite intent. (*Id.* at 11–15.) Judge Crews recommended, based on the dismissal of the federal claims, that the Court decline to exercise supplemental jurisdiction over Grays's remaining state law claims. (*Id.* at 15.)

Grays filed her Objection on March 3, 2021. (ECF No. 53.) Defendants filed Responses to the Objection. (ECF Nos. 55 & 56.)

3

## II. LEGAL STANARD

**A.     Rule 72(b) Review of a Magistrate Judge's Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 73(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

In the absence of a timely and specific objection, "the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record.").

**B.     Rule 12(b)(6) Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted." The Rule 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."

4

*Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly,* 550 U.S. at 556).

## III. ANALYSIS

Because Grays is proceeding *pro se*, the Court construes her filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  The Court does not, however, "supply additional factual allegations to round out a plaintiff's complaint," or "construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

**A.     FHA Claim**

Grays brings a claim against Cortland Defendants pursuant to § 3604(a) of the FHA, which prohibits racial discrimination in the sale or rental of housing.  (ECF No. 6-1 ¶¶ 52–69; *see also* 42 U.S.C. § 3604(a).)  The basis of Grays's FHA claim is that Cortland Defendants' misdemeanor policy disproportionately denies housing to African-American applicants such as herself, as they are more likely than Caucasian applicants to have a criminal history.  (ECF No. 6-1 ¶¶ 52–69.)  Thus, Grays argues, the misdemeanor policy has a racially discriminatory impact.  (*Id.*)

5

To state a claim for disparate impact discrimination under the FHA, a plaintiff must plausibly allege that a specific policy of the defendant caused a disparate effect on a protected group. *See Mountain Side Mobile Estates P'ship v. Sec. of Hous. and Urban Dev.*, 56 F.3d 1243, 1251 (10th Cir. 1995). Plaintiffs typically make this showing through "statistical evidence involving the appropriate comparables necessary to create a reasonable inference that any disparate effect identified was caused by the challenged policy and not other causal factors." *J.V. v. Albuquerque Pub. Schs.*, 813 F.3d 1289, 1299 (10th Cir. 2016) (quoting *Cinnamon Hills Youth Crisis Ctr., Inc. v. Saint George City*, 685 F.3d 917, 922 (10th Cir. 2012)). "Moreover, a disparate impact claim must allege a pattern or practice of discrimination, not merely an isolated instance of it." *Id.*

Judge Crews determined that Grays failed to adequately plead a causal connection between the misdemeanor policy and a racially disparate impact. (ECF No. 52 at 5–8.) Grays relied only on a single national study indicating that policies which exclude applicants based on criminal history tend to disproportionately affect individuals of color. (ECF No. 6-1 ¶ 60.) Judge Crews further found that Grays failed to allege facts supporting a "pattern or practice" of discrimination apart from her isolated experience. (ECF No. 52 at 8.) Judge Crews found that, in the absence of specific data or factual allegations concerning the relevant geographic area or the particular property where Grays's application was denied, Grays failed to allege a claim of disparate impact. (*Id.*)

Grays argues in her Objection that she should be permitted to further amend her Amended Complaint to include facts pertaining to six individuals who were similarly

6

denied housing, allegedly on the basis of their race. (ECF No. 53 at 4.) She contends that dismissal is too harsh a remedy because she will be able to plausibly allege FHA violations if permitted leave to amend. (*Id.*)

Grays appears to concede that her Amended Complaint in its current form fails to state a tenable claim, given that her Objection attempts to bring in additional facts and she seeks leave to amend to include those facts.[1] (*Id.*) The remainder of her arguments regarding this claim state that leave to amend should be liberally granted and that granting a motion to dismiss is a harsh remedy, none of which arguments target Judge Crews's reasoning or conclusion. (*Id.*)

Given the dearth of statistical evidence or factual allegations in the Amended Complaint, the Court concludes that Grays's FHA claim is legally deficient. *See Texas Dep't of Housing and Cmty. Affairs v. Inclusive Cmtys. Project*, 135 S. Ct. 2507, 2523 (2015) ("A plaintiff who fails to allege facts at the pleading stage or produce statistical evidence demonstrating a causal connection cannot make out a prima facie case of disparate impact."); *see also Nat'l Fair Hous. All. v. Travelers Indem. Co.*, 261 F. Supp. 3d 20, 28–29 (D.D.C. 2017) (stating that there is "a robust causality requirement at the prima facie state" of an FHA disparate impact claim). The Court therefore adopts this portion of the Recommendation and dismisses Grays's FHA claim without prejudice.

**B.   Section 1981 and 1982 Claims**

Grays also brings claims against Cortland Defendants pursuant to §§ 1981 and 1982, each of which prohibits discrimination in the sale and rental of housing. *See*

---

[1] Grays may not attempt to cure her Amended Complaint through her Objection. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941–42 (10th Cir. 2002) (stating that, in deciding a motion to dismiss under Rule 12(b)(6), courts may only consider external documents which are referenced in a complaint and are central to the plaintiff's claims).

7

*Jackson v. Park Place Condos. Ass'n, Inc.*, 619 F. App'x 699, 702–03 (10th Cir. 2015) (unpublished) (stating that a claim of housing discrimination may be based on "either 42 U.S.C. § 1981, which prohibits racial discrimination in the making, performance, modification, and termination of contracts, . . . 42 U.S.C. § 1982, which prohibits racial discrimination in the sale and rental of property, or 42 U.S.C. § 3604(b) of the [FHA]").

To state a § 1981 claim, Grays must allege "(1) that [she] is a member of a protected class; (2) that [Defendants] had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1117–18 (10th Cir. 2001). Similarly, a claim under § 1982 arises when an individual is denied housing on the basis of race. *Comcast Corp. v. National Association of African American-Owned Media*, 140 S. Ct. 1009, 1016 (2020). Supreme Court "precedents have long construed §§ 1981 and 1982 similarly." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 447 (2008).

Judge Crews found that Grays failed to state a claim pursuant to § 1981 or § 1982 because she failed to allege Cortland Defendants' discriminatory intent, or that race discrimination was the but-for cause of the denial of her rental application. (ECF No. 52 at 10–11.) Judge Crews further noted that Grays's allegations reference disparate treatment, but only allege disparate impact by focusing exclusively on the misdemeanor policy's impact, rather than racially discriminatory animus. (*Id.* at 11.)

In her Objection, Grays argues that her claims are viable under § 1981 and § 1982 because the misdemeanor policy "substantiates the disparate impact and treatment." (ECF No. 53 at 4–5.) She does not address the issue of the Defendants' intent, or any causal connection between race and the denial of her rental application.

8

To the extent that Grays intends to argue that the misdemeanor policy was pretext for racial animus motivating the denial, she does not allege this theory in her Amended Complaint.  (*See generally* ECF No. 6-1.)  Rather, Grays states repeatedly in her Amended Complaint that her rental application was denied due to the facially neutral misdemeanor policy.  (*Id.* ¶¶ 11, 33, 37.)  As Grays fails to allege causation or intent, she cannot state a viable claim under either §1981 or § 1982.  *See Comcast Corp.*, 140 S. Ct. at 1016; *see also Adetoro v. King Abdullah Acad.*, 2020 WL 7122858, at *5 (D.D.C. Dec. 4, 2020) (finding that plaintiffs failed to state a claim under § 1981 where complaint contained nondiscriminatory reasons).  Accordingly, the Court adopts this portion of the Recommendation and dismisses Grays's §§ 1981 and 1982 claims without prejudice.

**C.     FCRA Claims**

Grays brings claims against Cortland Defendants and RealPage for various violations of the FCRA.  (ECF No. 6-1 ¶¶ 86–125.)  The basis of Grays's primary FCRA claim appears to be that RealPage provided a credit report to Cortland Defendants in 2019.  (*Id.* ¶¶ 96–98.)  Cortland Defendants relied on this report in their defense against Grays's discrimination charge with the Colorado Civil Rights Division ("CCRD").  (*Id.*)  Grays alleges that because she did not authorize the report, both RealPage and Cortland Defendants violated the FCRA by obtaining a credit report without a proper purpose.  (*Id.*)

To establish a violation of the FCRA for obtaining a credit report without a proper purpose, a plaintiff must prove (1) there was a consumer report; (2) defendant used or obtained it; (3) defendant did so without a permissible statutory purpose; and (4)

9

defendant was negligent (or willful) in doing so.  *Qureshi v. Penkhus Motor Co.*, 2016 WL 6779320, at *3 (D. Colo. Nov. 16, 2016) (citing *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), abrogated on other grounds by *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)).

Judge Crews found that Grays failed to state a claim for violation of the FCRA because she did not allege any facts suggesting that RealPage or Cortland Defendants had an improper purpose in obtaining the credit report.  (ECF No. 52 at 12–13.)  Moreover, insofar as Grays alleges that any report obtained without her permission was improper, the FCRA contradicts such contention.  15 U.S.C. §§ 1681b(a)(1)–(6).  Judge Crews further found that Grays did not allege that RealPage or Cortland Defendants acted with the requisite scienter of willfulness or negligence, and therefore fails to allege a prima facie case for violation of the FCRA.  (ECF No. 52 at 12–13; *see also* 15 U.S.C. §§ 1681n(a) & 1681*o.*)

Judge Crews determined that the remainder of Grays's FCRA claims amounted to conclusory statements that RealPage and Cortland Defendants had violated the FCRA, with vague references to various sections of the statute which were not implicated by the facts.  (*Id.* at 13–15.)  He concluded that Grays failed to allege facts stating a claim for any other violations, and that such "shotgun pleading" consisting of the recitation of legal elements without factual support likely violated Federal Rule of Civil Procedure 8.  (*Id.* at 14.)

In her Objection, Grays reiterates that RealPage provided Cortland Defendants with a credit report without a permissible purpose and that she did properly allege that Defendants acted willfully or negligently.  (ECF No. 53 at 4–5.)  Grays does not

10

specifically object to Judge Crews's findings as to her other FCRA claims, instead cursorily stating that she adequately alleged claims under the FCRA, that RealPage was on notice of her claims, and that to dismiss her claims would be to construe the pleadings in the light most favorable to Defendants. (*Id.* at 6–7.)

Grays does not allege facts suggesting that RealPage or Cortland Defendants obtained a credit report for an improper purpose, apart from her conclusory statement that the purpose was impermissible. (ECF No. 6-1 ¶¶ 99–121.) To the extent that Grays argues that she did allege the requisite mental state, her Amended Complaint only states in conclusory manner that Defendants acted "knowingly and willfully" but is devoid of factual details supporting that assertion. (*Id.* ¶¶ 99–121.)

Grays fails to allege either an improper purpose for obtaining the credit report, or any facts supporting the conclusion that RealPage or Cortland Defendants acted willfully or negligently. (*See generally* ECF No. 6-1.) Grays also does not specifically object to Judge Crews's findings as to her remaining FCRA claims. The Court therefore adopts this portion of the Recommendation and dismisses Grays's FCRA claims without prejudice.

**D.    State Law Claims**

As stated above, Judge Crews recommended dismissal of Grays's pendent state law claims on the basis that the Court should decline to exercise supplemental jurisdiction as Grays's federal claims were dismissed. (ECF No. 52 at 15.) Grays does not object to the dismissal of the state law claims, and the Court finds no clear error in Judge Crews's determination. Accordingly, the Court declines to exercise supplemental jurisdiction over Grays's 14 state law claims, and dismisses these claims without

prejudice. *See Smith v. City of Enid by & ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998) (citations omitted) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The Report and Recommendation (ECF No. 52) is ADOPTED in its entirety;

2. Grays's Objection (ECF No. 53) is OVERRULED;

3. RealPage Inc.'s Motion to Dismiss (ECF No. 37) is GRANTED;

4. Kittredge Co., Cortland Management, Bussard, and Hedemark's Motion to Dismiss (ECF No. 39) is GRANTED;

5. Grays's Amended Complaint (ECF No. 6) is DISMISSED WITHOUT PREJUDICE;

6. Should Grays seek to file a second amended complaint, she may file a Motion for Leave to File a Second Amended Complaint ("Motion for Leave"), accompanied by the proposed second amended complaint which cures the deficiencies discussed in this Order, not later than **April 16, 2021**; and

7. If Grays fails to timely file a Motion for Leave then, without further notice to her, judgment will enter in favor of all Defendants, and this action will be terminated. In such event, all parties will bear their own attorney's fees and costs.

Dated this 17th day of March, 2021.

BY THE COURT:

_____
William J. Martínez
United States District Judge